**Charles Edward CHAMBERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98358.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 11, 2012.

Lisa M. Stroup, St. Louis, MO, for Appellant.

Chris Koster, Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J.

## MEMORANDUM DECISION

PER CURIAM.

Charles Chambers ("Movant") appeals from the motion court's denial, without an evidentiary hearing, of his Rule 29.15 postconviction motion, seeking to vacate his conviction and sentence based on his trial counsel's ineffectiveness. Movant alleged his trial counsel failed to introduce evidence that Movant was advised of his right to remain silent and invoked it when the State of Missouri ("State") questioned him at trial as to why he had not told police that he found a bundle of money at the same time he told police he received some other money by working odd jobs and receiving a Social Security check.

Following trial, Movant was convicted of robbery in the first degree, in violation of Section 569.020, RSMo 2000,[1] and armed

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

criminal action, in violation of Section 571.015. Pursuant to Section 558.016, Movant was sentenced as a persistent offender to consecutive terms of 20 years and 10 years of imprisonment on the two respective counts. On direct appeal, this Court affirmed Movant's convictions and sentences in *State v. Chambers*, 330 S.W.3d 539 (Mo.App. E.D.2010). The mandate was issued on March 4, 2011. Thereafter, Movant filed his post-conviction relief motion, which the motion court denied because Movant failed to allege facts warranting relief. The motion court held that, regardless of when *Miranda*[2] warnings were given to Movant, the prosecutor's questions to Movant about his statements to police and selective silence were permissible.

At trial, Movant testified on direct examination that, as he was taking a walk, he picked up a bundle of money from the street and put it in his pocket. When he was arrested shortly thereafter, he told the police only that the money he carried came from "odd jobs" and his "SSI check." On cross-examination, the prosecutor asked Movant about his failure to mention to the police the money he found. Because Movant voluntarily made a statement about the money after the alleged *Miranda* warnings, it was proper to impeach him with inconsistencies between his trial testimony and his prior voluntary statement to the police, even if the impeachment revealed that Movant was initially silent about finding certain money. *See State v. Antwine*, 743 S.W.2d 51, 70 (Mo. banc 1987) ("having elected to make a statement to the police, a defendant who remained 'selectively silent' may be impeached by omissions in that statement."). Whether trial counsel elicited information that Movant had received his *Miranda*

warnings would not have changed the evidence presented to the jury.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. The judgment dismissing Movant's motion is affirmed pursuant to Rule 84.16(b).

AFFIRMED.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).